IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY CHAMBERS JR., A CIVIL RIGHTS ORGANIZATION BY R.C., GOD FACE MINISTRIES**. | : : : : | **CIVIL ACTION** |
| **v.** | : : | **NO. 24-3250** |
| **GLEN MILLS SCHOOLS, GLEN MILLS SCHOOL STAFF OF BUCHANAN HALL DURING THE YEARS OF 1994 AND 1997 (1-20) AND JOHN DOES, STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, DELAWARE COUNTY DEPARTMENT OF CORRECTIONS/EDUCATION, STATE OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, PHILADELPHIA DEPARTMENT OF CORRECTIONS/EDUCATION.** | : : : : : : : : : : : : : : : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                                                              **August 30, 2024**

      An unpleaded court placed then-delinquent Roy Chambers Jr. in a youth reformatory school from 1995 to 1997. Mr. Chambers and two entities possibly affiliated with him now pro se sue the reformatory school and a variety of Pennsylvania and Connecticut state actors claiming unidentified persons working at the reformatory school physically and verbally assaulted and harassed Mr. Chambers almost thirty years ago. He alleges this conduct violated the Eighth Amendment, Americans with Disabilities Act, Rehabilitation Act, Sentencing Reform Act, and under several Pennsylvania statutes and common law tort theories. He asks for immediate mediation to award him compensation from an alleged settlement fund for former students.

      We granted him leave to file a complaint without paying the filing fees. Congress requires we now screen his allegations before issuing summons. We find the affiliated entities lack standing. They suffered no injury caused by the reformatory school and Mr. Chambers cannot represent them in any

event. Congress does not allow him to sue under the Sentencing Reform Act. His Americans with Disabilities Act, Rehabilitation Act, and Eighth Amendment claims are time barred from the face of the allegations. We dismiss his federal claims with prejudice and decline to exercise supplemental jurisdiction over his state law claims as we lack an independent basis for jurisdiction.

I.  **Alleged pro se facts**

An unpleaded court affiliated with the Connecticut Department of Corrections placed Connecticut citizen Roy Chambers Jr. as a "black juvenile minor disabled offender" in The Glen Mills School in Delaware County, Pennsylvania between 1995 and 1997 as part of a juvenile placement sentence.[1] Mr. Chambers suffered from unspecified disabilities while he attended the School.[2] Mr. Chambers describes himself as a large sized black African American minor with disabilities before he attended the School.[3] He accepted his errors and "wanted to properly rehabilitate his life to become a more productive black male in his community, in his society, for his family, and to himself."[4]

Unnamed individuals at the School instructed Mr. Chambers to spit on other students as a means of discipline.[5] Unnamed individuals instructed other students to spit on Mr. Chambers to correct his behavior.[6] Unnamed individuals beat Mr. Chambers or caused other students to beat Mr. Chambers if he did not spit on other students at the unnamed individuals' direction.[7] Unnamed individuals directed other students to spit on Mr. Chambers to make an example of him.[8] These unnamed individuals permitted ten to fifteen different students to regularly spit on Mr. Chambers's face and body.[9] Unnamed individuals beat students who tried to avoid being spit on.[10] Unnamed School staff watched as students spit on Mr. Chambers or beat him if he refused to stand still.[11]

Unnamed individuals also directed students ill with fevers or colds to spit on others.[12] Minor infractions led to this forced spitting or beatings.[13] Unnamed individuals used "educational"

and "pro sports incentives" to continue spitting on and beating Mr. Chambers.[14] Unnamed individuals verbally assaulted Mr. Chambers.[15]

Unnamed School staff members caused additional unspecified injuries to Mr. Chambers.[16] For instance, the staff members repeatedly punched Mr. Chambers in the abdomen and caused him a major injury.[17] Sometimes the staff members committed abuse while intoxicated.[18] Mr. Chambers never received treatment for his injuries.[19] The poor treatment Mr. Chambers received at the School prevented him from achieving corrective rehabilitation.[20] He still suffers from post-traumatic stress disorder and other complications.[21]

**II.    Analysis**

Mr. Chambers asserts federal and state claims against Glen Mills Schools, Glen Mills School Staff of Buchanan Hall during the years of 1995 and 1997 and John Does, the State of Connecticut Department of Corrections, the Delaware County Department of Corrections/Education, the State of Pennsylvania Department of Corrections, and the Philadelphia Department of Corrections/Education on behalf of himself, A Civil Rights Organization by R.C., and God Face Ministries.[22]  He seemingly wants us to order some form of expedited payment of funds owed to him from a $3 Million settlement fund he avers has been set aside for persons like him injured at the Glen Mills School.

Congress requires us to screen Mr. Chambers's allegations after granting him leave to file a complaint without paying filing fees and because Mr. Chambers "seeks redress from a governmental entity."[23] We must dismiss Mr. Chambers's Complaint before issuing summons if his claim is frivolous or malicious, he does not state a claim on which relief may be granted, or he seeks monetary relief against persons immune from such relief.[24] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) to determine whether a claim should be dismissed

under section 1915(e)(2)(B)(ii).[25] Mr. Chambers can meet the Rule 12(b)(6) standard if he pleads a "sufficient factual matter, accepted as true, 'to state a claim for relief [] plausible on its face.'"[26] We construe Mr. Chambers's pro se Complaint liberally and hold him to "less stringent standards than formal pleadings drafted by lawyers."[27]

### A. A Civil Rights Organization by R.C. and God Face Ministries lack standing.

Mr. Chambers attempts to sue on behalf of himself, A Civil Rights Organization by R.C., and God Face Ministries.[28] Each of them must have "standing" to pursue their claims for a federal court to exercise jurisdiction under Article III.[29] Our Founders in Article III require (1) an injury in fact, (2) fairly traceable to the School and other state actors' challenged conduct, which is (3) likely to be redressed by a favorable judicial decision.[30] Mr. Chambers and the other two entities must show a "'concrete and particularized invasion' of a 'legally protected interest'" to establish injury in fact.[31] Mr. Chambers alleges concrete harm to himself. But he is not the only purported plaintiff in this case.

A Civil Rights Organization and God Face Ministries must also establish standing.[32] They cannot. These entities did not attend the School with Mr. Chambers or sustain his alleged injuries. Mr. Chambers did not assign these claims. They cannot proceed in federal court absent allegations of a concrete invasion of their legally protected interests.

Even if the entities had standing, they cannot proceed because they do not have counsel.[33] Mr. Chambers cannot represent them.[34]

We dismiss A Civil Rights Organization by R.C. and God Face Ministries with prejudice.

### B. Mr. Chambers may not sue under the Sentencing Reform Act.

Mr. Chambers attempts to state a claim under the Sentencing Reform Act arising from a sentence imposed by an undisclosed court.[35] This claim is not viable. "The Act aims to create a

comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences."[36] The Act "made far-reaching changes in federal sentencing, one of which was to allow a convicted defendant, under certain circumstances, to appeal his sentence."[37]

Mr. Chambers does not plead a federal sentence appealable under the Act.[38] He attempts to bring a civil claim. We are not aware of authority, nor does Mr. Chambers cite authority, conferring a private cause of action under the Act.

We dismiss Mr. Chambers's Sentencing Reform Act claim.

**C.   Mr. Chambers's federal statutory and constitutional claims are time barred.**

Mr. Chambers asserts time-barred claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth Amendment. Neither the ADA nor the Rehabilitation Act includes an express statute of limitations.[39] We apply the two-year statute of limitations imposed on personal injury claims in Pennsylvania to Mr. Chambers's federal claims under the ADA and the Rehabilitation Act.[40] We also apply a two-year statute of limitations to his claim alleging cruel and unusual punishment under the Eighth Amendment.[41]

Federal law governs the date of accrual for federal claims even where we borrow a state statute of limitations.[42] Mr. Chambers's claims accrued when he "discover[ed], or with due diligence should have discovered, the injury that forms the basis for the claim[s]."[43] But this statute of limitations is subject to Pennsylvania's tolling principles."[44] And the Pennsylvania General Assembly tolls a minor's claims until he or she turns eighteen.[45]

Mr. Chambers alleges physical and verbal assaults while he attended the School as a minor between 1995 and 1997.[46] He does not allege sexual assault. His federal statutory and constitutional claims arising from these injuries accrued at the time of injury but were tolled until he turned eighteen. The two-year statute of limitations began after his eighteenth birthday. Mr.

5

Chambers's eighteenth birthday occurred well over two years before he sued the School and other state actors in July 2024.[47] It has been at least twenty-seven years since Mr. Chambers attended the School. We cannot hear Mr. Chambers's claims outside the statute of limitations.

We dismiss his disabilities and Eighth Amendment claims with prejudice as time-barred on the face of the allegations. We do not opine on the merits of Mr. Chambers's assault claims as a matter of Pennsylvania Law.

### D. We decline to exercise supplemental jurisdiction over Mr. Chambers's remaining state law claims.

Mr. Chambers also pleads a number of state law tort claims.[48] Congress permits us to exercise supplemental jurisdiction over state law claims arising from the same case or controversy as the federal claim under Section 1367.[49] Our supplemental jurisdiction is discretionary.[50] We may decline to hear state law claims if we dismissed the related federal claims.[51] We also lack diversity jurisdiction as Mr. Chambers of Connecticut is suing a Connecticut state entity.

We decline to exercise supplemental jurisdiction over Mr. Chambers's state claims as we have dismissed all claims over which we have original jurisdiction.

### E. We lack jurisdiction to direct non-parties to distribute settlement funds to Mr. Chambers.

Mr. Chambers asks we order a meet and confer or mediation with persons allegedly related to a $3 Million settlement for former students.  We are not aware of the settlement. We lack jurisdiction over non-parties possibly involved with an alleged (but publicly reported) settlement. But we today advise Mr. Chambers of Philadelphia attorneys Winkler and Carson who are publicly known to be representing former students of Glen Mills Schools in resolving settlements.[52]

### III.     Conclusion

We dismiss the entities' claims with prejudice for lack of standing. We dismiss Mr. Chambers's Sentencing Reform Act claim because Congress does not allow him to seek a private remedy under the Act.  We dismiss Mr. Chambers's federal disabilities and Eighth Amendment constitutional claims with prejudice as facially time barred. We dismiss the state law claims (including his request to participate in mediation involving an alleged settlement fund) without prejudice as we decline to exercise supplemental jurisdiction over Mr. Chambers's state law claims.

---

[1] ECF No. 1 at 13, 14, 26, 38 of 39 total pages (using the ECF pagination).

[2] *Id.* at 10.

[3] *Id.*

[4] *Id.* at 23.

[5] *Id.* at 16.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 16–17.

[9] *Id.* at 17.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 18.

[13] *Id.* 18–19.

[14] *Id.* at 19.

[15] *Id.* at 23.

[16] *Id.* at 25.

[17] *Id.* at 28.

[18] *Id.* at 25.

[19] *Id.* at 28.

[20] *Id.* at 25.

[21] *Id.* at 24.

[22] ECF No. 1 at 1, 5–7. Mr. Chambers also appears to assert a claim against Glen Mills School Coaching Staff from 1995–1997 although the coaching staff is not listed as a defendant in the caption. *Id.* at 6. Mr. Chambers asserts a claim against Glen Mills School Staff of Buchanan Hall from **1996**–1997 in his caption but later amends the time period to 1995–1997. *Id.* We construe the applicable time as 1995–97 because Mr. Chambers claims he attended the School then. *Id.* at 26.

[23] 28 U.S.C. § 1915A(a). Mr. Chambers is aware of our screening obligations; he filed two cases dismissed by colleagues last year under 28 U.S.C. § 1915A. Mr. Chambers sued jail officials in Georgia for deliberate indifference related to 2019 events. Judge Pannell adopted the magistrate judge's report and recommendation to dismiss Mr. Chambers's pro se complaint for failure to state a claim after screening the complaint under 28 U.S.C. § 1915A. *Chambers v. Pounds*, No. 21-112, 2021 WL 4995822, at *2 (N.D. Ga. Mar. 30, 2021), *aff'd*, No. 21-11264, 2023 WL 2232062 (11th Cir. Feb. 27, 2023). Mr. Chambers appealed, and the court of appeals affirmed. *Chambers v. Pounds*, No. 21-11264, 2023 WL 2232062, at *1 (11th Cir. Feb. 27, 2023). Mr. Chambers plead he suffered "major injuries" and discussed his disabilities. *Id.* Mr. Chambers also sued his former prison in Georgia arguing he lacked sufficient legal materials for disabled inmates. *Chambers v. Benton*, No. 421-337, 2023 WL 123794, at *2 (S.D. Ga. Jan. 6, 2023). Judge Ray dismissed his pro se complaint after screening because he is no longer imprisoned there and lacked standing. *Id.*

[24] 28 U.S.C. § 1915(e)(2)(B).

[25] *Turner v. Dist. Att'y Phila. Cnty.*, No. 22-0491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[28] ECF No. 1 at 1.

[29] *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 162 (3d Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[30] *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009) (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008)).

[31] *Id.* (quoting *Sprint Commc'ns Co.*, 554 U.S. at 273).

[32] *See Sch. Dist. of Phila. v. Pa. Milk Mktg. Bd.*, 877 F. Supp. 245, 250 (E.D. Pa. 1995) ("In order to maintain a suit in federal court, each plaintiff must have standing to sue.").

[33] *In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) (affirming dismissal because a corporate entity "may not appear pro se and must be represented by legal counsel" (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993))).

[33] ECF No. 1 at 2.

[34] *Schneller v. Crozer Chester Med. Ctr.*, 276 F. App'x 169, 170 n.1 (3d Cir. 2008) (a non-lawyer may represent him or herself but may not represent another person or entity).

[35] ECF No. 1 at 2.

[36] *Hughes v. United States*, 584 U.S. 675, 688 (2018) (quoting *Freeman v. United States*, 564 U.S. 522, 533 (2011)); *see also* 18 U.S.C. §§ 3551 *et seq.*

[37] *United States v. Khalil*, 132 F.3d 897, 898 (3d Cir. 1997).

[38] Mr. Chambers only pleads he attended the School from 1995 to 1997 as part of a sentence. ECF No. 1 at 14.

[39] *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008).

[40] *See id.*

[41] *See Johnston v. Wetzel*, 431 F. Supp. 3d 666, 675 (W.D. Pa. 2019) ("The United States Court of Appeals for the Third Circuit has determined that the Pennsylvania state law claim most analogous to a § 1983 claim is a personal injury action, which is subject to the Commonwealth's two-year statute of limitations . . . ."); *see also Bullock v. Hice*, No. 20-808, 2022 WL 4540174, at *5 (W.D. Pa. May 3, 2022) ("Plaintiff's Eighth Amendment, ADA and tort claims are subject to a two-year statute of limitations."), *report and recommendation adopted*, No. 20-808, 2022 WL 4535246 (W.D. Pa. Sept. 28, 2022).

[42] *Luciano v. Tchrs. Ins. & Annuity Ass'n of Am. - Coll. Ret. Equities Fund*, No. 15-6726, 2023 WL 4760578, at *4 (D.N.J. July 26, 2023) (first citing *Romero v. Allstate Corp.*, 404 F.3d 212,

221 (3d Cir. 2005); then citing *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066–67 (3d Cir. 1995), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022); and then citing *Bamgbose v. Delta-T Grp., Inc.*, 638 F. Supp. 2d 432, 438 (E.D. Pa. 2009)).

[43] *Romero*, 404 F.3d at 222 (citing *Union Pac. R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998)).

[44] *See Leonard v. City of Pittsburgh*, 570 F. App'x 241, 244 (3d Cir. 2014) ("While federal law governs the accrual date, we generally apply state law tolling principles in a § 1983 case." (citing *Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009))).

[45] 42 PA. STAT. AND CONS. STAT. § 5533(b)(1)(i).The Pennsylvania General Assembly tolls the minor's claims for thirty-seven years after the minor turns eighteen for civil actions arising from the sexual abuse of a minor. *Id.* § 5533(b)(2)(i). Mr. Chambers does not assert a claim related to sexual abuse.

[46] ECF No. 1 at 26, 38.

[47] Mr. Chambers filed his Complaint on July 25, 2024. *Id.* at 1. The alleged abuse, if true, is appalling. The Commonwealth withdrew the School's license in 2019 leading to lawsuits. We take judicial notice of Judge Bartle's review of similar allegations against the School over the past several years. *See Derrick v. Glen Mills Schools*, No. 19-1541, 2024 WL 2134340 (E.D.Pa. May 13, 2024) and *Miller v. The Glen Mills Schools*, No. 19-1292, 2019 WL 6877176 (E.D.Pa. Dec. 17, 2019). We are not aware of a case in federal court allowing claims for alleged abuse from 1995–1997.

[48] The state law tort claims seem to seek recovery for physical assault, failure to hospitalize a minor for major injuries received by sporting events, violation of the School education reform system, medical malpractice, verbal assault, verbal assault of a minor, verbal assault of a disabled minor, verbal assault of a minor while in a correctional facility causing injuries, professional malpractice, legal malpractice, juvenile correctional malpractice, deception of a minor while in juvenile correction, denial of psychological evaluation to a minor after injury by correctional facility, denial of behavioral health aid to a minor while in a correctional facility, denial of proper physical therapy to a minor after injury while in a correctional facility, and violation of the Pennsylvania Juvenile Act. ECF No. 1 at 2–4.

[49] *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307–08 (3d Cir. 2003).

[50] *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[51] 28 U.S.C. § 1367(c).

[52] Mr. Chambers may be able to pursue recovery under state law claims now before the Philadelphia Court of Common Pleas. We are aware, from the public record, of settlements reached in some cases involving students with state law claims with Philadelphia Attorneys Nancy J.

Winkler, Esquire and Shanon J. Carson, Esquire . *See* Aleeza Furman, *Glen Mills School Mass Tort Gets New Bellwether Dates After Pause in Trial Schedule*, LAW (Aug. 27, 2024, 5:42 PM), https://www.law.com/thelegalintelligencer/2024/08/27/glen-mills-schools-mass-tort-gets-new-bellwether-dates-after-pause-in-trial-schedule/?kw=Glen%20Mills%20Schools%20Mass%20Tort%20Gets%20New%20Bellwether%20Dates%20After%20Pause%20in%20Trial%20Schedule&utm_source=email&utm_medium=enl&utm_campaign=new&slreturn=20240729145848.